**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 28 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LUIZ PEREIRA SANTANA,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No. 12-72041

Agency No. A093-376-216

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 21, 2015**
San Francisco, California

Before: SILVERMAN and CHRISTEN, Circuit Judges and DUFFY,*** District
Judge.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Kevin Thomas Duffy, District Judge for the U.S.
District Court for the Southern District of New York, sitting by designation.

Luiz Santana, a native and citizen of Brazil, petitions for review of a final order of removal denying statutory withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252(b)(1) and deny the petition for review.

Substantial evidence supports the Board's finding that Santana failed to establish a clear probability that he will be persecuted in Brazil because of an imputed whistleblower political opinion or membership in a social group of individuals who report corruption and are not protected by the government. *Khudaverdyan v. Holder*, 778 F.3d 1101, 1106 (9th Cir. 2015) (a petitioner must establish that "the *persecutor* was motivated by a *belief* that the petitioner held" an anti-corruption political opinion) (emphasis in the original).

The record does not compel a conclusion that Santana ever blew the whistle on corruption, or that the unknown individual shot at Santana because the shooter believed that Santana had opposed police corruption. Moreover, there is no evidence that the shooting of Santana by some unknown person was in any way connected to Santana's recommendation of a logger to an undercover policeman. The mere fact that the shooting occurred two weeks after the logger's arrest does not compel any particular inference. *Kozulin v. INS*, 218 F.3d 1112, 1117 (9th Cir. 2000) (holding that an anonymous attack three weeks after an expression of a political opinion did not compel a finding of persecution on account of a political

2

opinion where the attackers could have been motivated by revenge). Nor is there any evidence in the record to compel a conclusion that the government knew that Santana had been targeted, failed to protect him, or would not protect him if he returned to Brazil.

**PETITION FOR REVIEW DENIED.**